UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHURAM RAJA,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN KIM, Medical Doctor,<br><br>    Defendant. | Case No. 1:19-cv-00817-DAD-HBK<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO THE EXTENT CERTAIN DEADLINES ARE STAYED<br><br>(Doc. No. 38) |

This matter comes before the court upon initial review of this case that was reassigned to the undersigned on November 17, 2020. (Doc. No. 35). Pending review is defendant's motion seeking a 60-day extension of time to file a merits-based dispositive motion as previously set in the court's Discovery and Scheduling Order. (Doc. No. 38). No opposition to the motion was filed. (*See* docket). For the reasons stated below, the court grants defendant's motion to the extent the court stays the remaining deadlines in the Discovery and Scheduling Order (Doc. 24) pending resolution of defendant's exhaustion-based summary judgment motion (Doc. No. 26).

Plaintiff Khuram Raja, a former state prisoner, initiated this action on June 12, 2019 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). The court's scheduling order issued on July 16, 2020 set, *inter alia*, an exhaustion summary judgment deadline of October 16, 2020 and a substantive dispositive motion deadline of May 27, 2021. (Doc. No. 24).

On October 15, 2020, defendant moved for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies prior to bringing this suit against him, as required by the Prison Litigation Reform Act. (Doc. No. 26). The summary judgment motion has been fully briefed and is ripe for this court's review. (Doc. Nos. 33, 34). Considering pendency of that motion and the imminent deadline to file a merits-based dispositive motion, defendant moves for a 60-day extension of time to file substantive dispositive motions. Defendant argues an extension is warranted because the grant of defendant's exhaustion-based summary judgment would dispose of the case if granted. Plaintiff did not file an opposition to defendant's motion and the time for doing so has passed.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard of Rule 16(b) focuses primarily on the diligence of the moving party and the reasons for seeking modification. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir.2011); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). This court has found good cause to stay a case pending resolution of a motion for summary judgment. *See Smith v. Martinez*, No. 1:17-cv-01092-AWI-MJS (PC), 2018 WL 1413712, at *1 (E.D. Cal. Mar. 21, 2018); *Henry v. Contreras*, No. 1:14-CV-00791-LJO-SKO-PC, 2016 WL 232317, at *2 (E.D. Cal. Jan. 20, 2016). Moreover, this court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes staying cases sua sponte. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The court finds good cause to extend the remaining deadlines in the Case Management and Scheduling Order. Because the court has not yet issued a ruling on the pending exhaustion-based summary judgment motion, the court will order a stay of the deadlines *in lieu* of granting a specified extension of time. The stay will be lifted upon the court's ruling on defendant's exhaustion-based summary judgment motion. A new scheduling order, if necessary, will be issued at that time.

Accordingly, it is ORDERED:

Defendant's motion for extension of time (Doc. No. 38) is GRANTED to the extent the court stays the remaining deadlines in the Discovery and Scheduling Order (Doc. 24) pending the court's ruling of defendant's exhaustion-based summary judgment motion (Doc. No. 26).

IT IS SO ORDERED.

Dated:   May 14, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE