UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHURAM RAJA,<br><br>        Plaintiff,<br><br>    v.<br><br>RYAN KIM, Medical Doctor,<br><br>        Defendant. | Case No. 1:19-cv-00817-HBK<br><br>ORDER DENYING DEFENDANT KIM'S MOTION FOR SUMMARY JUDGMENT[1]<br><br>(Doc. No. 26) |

    Pending before the Court is Defendant Kim's Motion for Summary Judgment filed October 15, 2020.  (Doc. No. 26).  Defendant Kim filed this exhaustion-based motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies prior to bringing this suit as mandated by the Prison Litigation Reform Act.  (*See generally*, *Id*.).  In support, Defendant submits a statement of undisputed facts (Doc. No. 28); a sworn declaration from Defendant Kim (Doc. No. 29 at 4-5); and a sworn declaration from S. Gates, Chief of Health Care Correspondence and Appeals Branch Policy and Risk Management Services (Doc. No. 29 at 7-9).  Plaintiff filed an opposition with exhibits in support.  (Doc. No. 33).  Defendant filed a reply.  (Doc. No. 34).  This matter is fully briefed.  The Court denies Defendant's exhaustion-

---

[1] The parties consented to magistrate judge jurisdiction over this action for all purposes, including trial, and entry of final judgment pursuant to 28 U.S.C. § 636(c)(1), and this case has been reassigned to the undersigned.  (Doc. Nos. 10, 42, 43).

based motion for summary judgment because Plaintiff's First Amended Complaint was filed <u>after</u> Plaintiff was released from prison and binding Ninth Circuit precedent holds that the affirmative defense of exhaustion does not apply to the operative complaint filed post-release.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Khuram Raja ("Plaintiff" or "Raja") initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on June 12, 2019. (Doc. No. 1, "Complaint"). Raja was a state prisoner housed at the Substance Abuse Treatment Facility & State Prison ("SATF"), part of the California Department of Corrections, at the time this action was filed. (*Id*. at 1). The then-assigned magistrate judge granted Raja *in forma pauperis* status and assessed the full filing fee as required by 28 U.S.C. § 1915(b)(2) due to his prisoner status. (Doc. No. 7). On July 29, 2019, Raja filed a Notice of Change of Address indicating he was no longer incarcerated. (Doc. No. 8). On November 4, 2019, the Court screened the Complaint and found it stated a cognizable Eighth Amendment claim against Defendant Kim but no other claims. (Doc. No. 11). The Court gave Raja the option of filing an amended complaint or standing on his Complaint as screened. (*Id*.). On December 2, 2019, Raja moved for an extension of time to file an amended complaint, noting he had been released from prison, *inter alia*. (Doc. No. 12). The Court granted Raja an extension of time (Doc. No. 13), and Raja filed his First Amended Complaint on January 2, 2020. (Doc. No. 14, "FAC"). The FAC, which is the operative pleading, alleges an Eighth Amendment medical deliberate indifference claim against Defendant Ryan Kim ("Kim"), who was Raja's primary medical care provider while he was confined at SATF. (*Id.*). Raja states he suffers from a spinal condition and claims Kim failed to provide him with necessary surgery and falsified Raja's medical records to minimize the severity of his condition so he would not receive surgery while imprisoned. (*Id.*). In addition to denying him surgery, Raja claims Kim also denied him a "walker/wheelchair," "foam/pressure mattress" and "foam pillows." (*Id.* at 20-24). As a result, Raja claims he is now "handicapped" and suffers from recurrent pain throughout his body, serious mobility issues, and emotional distress. (*Id.* at 3). As relief, Raja seeks compensatory and punitive damages. (*Id*. at 24-25).

Defendant Kim answered the FAC on July 15, 2020.  (Doc. No. 22).  Consistent with the Court's Scheduling Order, Defendant filed an exhaustion-based motion for summary judgment on the grounds that Raja failed to exhaust his administrative remedies prior to bringing this suit against him, as required by the Prison Litigation Reform Act.  (Doc. No. 26).

## II.  APPLICABLE LAW AND ANALYSIS

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is condition precedent to filing a civil rights claim.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); s*ee also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to suit." (citation omitted)).  The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal.  *Woodford*, 548 U.S. at 93.  A prisoner need not plead or prove exhaustion.  Instead it is an affirmative defense that must be proved by the defendant.  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement.  *Id.* at 218.  The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016).  The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856.

The Ninth Circuit held "that a plaintiff who was in custody at the time he initiated his suit but was free when he filed his amended operative complaint is not a 'prisoner' subject to the PLRA exhaustion defense." *Jackson v. Fong*, 870 F.3d 928, 935 (9th Cir. 2017).  Noting that the

operative complaint "completely supersedes" an earlier complaint, the Ninth Circuit determined the relevant inquiry is when the amended complaint became operative under the Federal Rules of Civil Procedure. *Id*.

This Court is cognizant that a number of other Circuit Courts deem the operative time to be the date the action is filed versus the date the operative pleading is filed. *See e.g. May v. Segovia*, 929 F.3d 1223, 1229, 1234 (10th Cir. 2019) (an amended complaint "supersedes the original complaint's allegations but not its timing" and the plaintiff thus "was required to exhaust any available administrative remedies."); *Cox v. Mayer*, 332 F.3d 422, 425 (6th Cir. 2003) (finding that "plaintiff was required to exhaust any available administrative remedies before he filed suit" and "his suit must be dismissed" even though plaintiff was no longer incarcerated); *Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000) (en banc) (holding that subsequent release does not excuse a former prisoner from exhaustion because the term "brought" in 42 U.S.C. § 1997e referred to the filing of the action). At least one Circuit Court, post-*Jackson* adopted the Ninth Circuit's reasoning that nothing in § 1997e(a)'s language displaces the language of the Federal Rule of Civil Procedure 15. *Garrett v. Wexford Health*, 938 F.3d 69, 88 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611, 206 L. Ed. 2d 955 (2020).

It is indisputable that at the time Raja filed his FAC he was no longer incarcerated. Ninth Circuit binding precedent is clear that a plaintiff whose operative complaint is filed after their release "cannot be subject to an exhaustion defense." *Jackson*, 870 F.3d 937. The affirmative defense of exhaustion under 42 U.S.C. § 1997e(a) therefore does not apply to the FAC. Because Raja was not required to exhaust, § 1997e(a) cannot form the basis of summary judgment.

Accordingly, it is **ORDERED**:

Defendant's motion for summary judgment (Doc. No. 26) is DENIED.

Dated:   July 19, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4